UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Joseph Zente, | : |
| Plaintiff, | : |
| v. | : Civil Action No.: 1:14-cv-00029-SS |
| Credit Management, LP, | : |
| Defendant. | : |

**PLAINTIFF'S LIMITED MOTION FOR RECONSIDERATION**

Plaintiff, Joseph Zente, through undersigned counsel, respectfully moves this Court to reconsider the portion of the Court's July 17, 2014 dismissal order in which the Court stated that it would "forward a copy of this file to the Admissions Committee of the Western District of Texas for a review and appropriate action, if any, regarding Mr. Lemberg's license to practice in the Western District of Texas." (Doc. No. 19).

The undersigned respectfully submits that his actions in this case do not warrant review of his license to practice in this District and requests that the Court reconsider that portion of the dismissal order.

**BACKGROUND**

This litigation unfolded as follows: the Complaint was filed on January 13, 2014. (Doc. No. 1). The Complaint alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392, *et seq.* Specifically, the Complaint alleged that Defendant continued to place automated calls to Plaintiff in an attempt to collect a consumer debt despite Plaintiff's request that the calls cease. The allegations in the Complaint were based

on Plaintiff's recollection of his phone conversations with Defendant as described to his counsel. (Lemberg Decl. ¶ 6). Defendant filed its Answer to the Complaint on February 27, 2014. (Doc. No. 6). In this case, Plaintiff's allegations were virtually identical to the plaintiff's claims in *Adamcik v. Credit Control Servs.*, 832 F.Supp.2d 744 (W.D. Tex. 2011), which was tried before this Court in 2011.

On April 7, 2014, Defendant's counsel provided us with copies of recordings of telephone conversations between Plaintiff and Defendant. (Lemberg Decl. ¶ 7).

On April 25, 2014, we requested the collection notes from Defendant's counsel in order to confirm that all of the relevant recordings had been produced. (Lemberg Decl. ¶ 8; Exhibit A). Defendant's counsel responded:

> The recordings all show your client specifically giving permission to call the cell number (contrary to your petition). The only thing my client is interested in from you guys is an outright dismissal. Are you considering that?

(Exhibit A).

We stated that dismissal was being considered, but that the collection notes were required to make any decision regarding the case. (Exhibit A). Defendant's counsel responded that the collection notes were mailed to us with Defendant's initial disclosures. (Exhibit A).

On April 30, 2014, we received Defendant's initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). (Lemberg Decl. ¶ 9). With Defendant's production now complete, on May 15, 2014 we reviewed the collection notes. (Lemberg Decl. ¶ 10). Thereafter, when confronted with Defendant's evidence, Plaintiff agreed to dismiss this case. (Lemberg Decl. ¶ 11).

On May 22, 2014, we informed Defendant's counsel of Plaintiff's intent to dismiss and provided a draft stipulation of dismissal without prejudice for Defendant's review. (Lemberg Decl. ¶ 12).

After further consideration, Plaintiff agreed to dismiss the case with prejudice and we requested that Defendant stipulate to the same. (Lemberg Decl. ¶ 13). However, Defendant's counsel refused to stipulate to the dismissal unless we also dismissed *Hill v. Credit Management*, LP, No. 14-cv-00034 (the "Hill Case") – a completely unrelated case against Defendant which is currently pending in the Northern District of Texas. (Lemberg Decl. ¶ 14, Exhibit B). Specifically Defendant's counsel stated:

> From: Robbie Malone [mailto:rmalone@rmalonelaw.com]
> Sent: Tuesday, June 17, 2014 4:30 PM
> To: Sergei Lemberg
> Subject: RE: Hill v. CMI
>
> Sergei,
>
> Even if that were true, the phone prompt is a courtesy. CMLP isn't required to offer it so its malfunction (to the extent one occurred) doesn't give rise to a violation of law. Regardless, they only called the plaintiff's phone number 10 times. Hardly an excessive call case. Do you want to think about that before you reject his offer of both bad claims ( Hill and Zente) disappearing with no push back on fees from CMI?

(Exhibit B) (emphasis added). In response, we explained that Defendant was "not entitled to fees in any of these cases under any circumstances. Hill is a good case." (Exhibit B). Defendant's counsel responded: "My client disagrees. You want to push the issue with him that is your call. He is willing to go there." (Exhibit B).

When it became apparent that Defendant would not stipulate to a dismissal unless the Hill Case was dismissed, Plaintiff filed his motion to dismiss this case with prejudice on July 1, 2014. (Doc. No. 17). The Court granted that motion on July 17, 2014. (Doc. No. 19).

## **STANDARD**

Fed. R. Civ. P. 59(e) gives a party twenty-eight days after entry of a judgment to file a motion asking the court to alter or amend that judgment. "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*,

3

367 F.3d 473, 479 (5th Cir. 2004). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," but instead is intended to allow the Court to correct manifest errors of law or fact, or inadvertent clerical errors, or to present new evidence or law. *Id.*

## ARGUMENT

Plaintiff respectfully submits that the Court erred by forwarding this case to the Admissions Committee for review. Claims that turned out to be factually inaccurate should not have caused this Court to turn the matter over for licensing review.

### I.     Lack of Merit Alone is Not Grounds for Sanctions

Circuit and District Courts around the country routinely recognize that simply being wrong is not grounds for sanction. *See Garner v. Cuyahoga Cnty. Juvenile Court*, 554 F.3d 624, 635 (6th Cir. 2009) ("[I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."); *McMahan v. Toto*, 256 F.3d 1120, 1129 (11th Cir. 2001) ("Something more than a lack of merit is required for . . . sanctions or they would be due in every case."); *Rakip v. Paradise Awnings Corp.*, 2014 WL 633581, at *4 (Feb. 13, 2014) ("The fact that [the plaintiff] ultimately did not prevail on his argument that he had not released his FLSA claims does not automatically mean that he and his counsel should be sanctioned."); *Graham v. Wells Fargo Bank*, 2013 WL 3212296, at *15 (M.D. Al., June 24, 2013) (emphasis in original) ("[T]his court will not invoke its inherent powers to sanction a party . . . merely for being wrong about the law. Otherwise, sanctions would be warranted against some party in virtually every case before the court".); *See also Favor v. W.L. Gore Assoc., Inc.*, 2014 WL 533804, at *7 (D.D. Oh., Feb. 11, 2014); *Clerisy Corp. v. Airware Holdings, Inc.*, 2013

4

WL 6252428, at *5 (D. Ariz., Dec. 4, 2013); *Callahan v. Hartland Consol. Sch.*, 2013 WL 1821230, at *5 (E.D. Mich., Apr. 30, 2013).

In addition, while the Court has the inherent power to impose sanctions on any party for virtually any reason, that power "must be used with restraint and caution; because of its potency and the limited control of its exercise, the power may be exercised only if essential to preserve the authority of the court, and the sanction chosen must employ the least possible power adequate to the end proposed." *In re Prewitt*, 280 F.Supp.2d 548, 562 (N.D. Miss. 2003) (*citing Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Anderson v. Dunn,* 19 U.S. (6 Wheat) 204, 231, 5 L.Ed. 242 (1821), *quoted in Spallone v. U.S.,* 493 U.S. 265, 280, 110 S.Ct. 625, 635, 107 L.Ed.2d 644 (1990)).

The Texas Disciplinary Rules of Professional Conduct require that "[i]n all professional functions, a lawyer should zealously pursue client's interests within the bounds of the law." *See* Texas Rules of Disciplinary Conduct, Preamble, Section 3.  In this case, undersigned counsel did nothing more than carry out the duties and obligations he owed to Plaintiff.  Before this litigation was initiated, Plaintiff contacted counsel and alleged that Defendant continued to place automated calls to him in an attempt to collect a consumer debt despite his request that the calls cease.  These allegations were based on Plaintiff's recollection of his phone conversations with Defendant, and Plaintiff confirmed these allegations in conversations with his counsel.  Undersigned counsel had no reason to doubt the veracity of Plaintiff's statements and, acting in accordance with the Texas Disciplinary Rules of Professional Conduct, zealously represented Plaintiff's interests despite opposition from Defendant.  That a similar case was tried to a jury in *Adamcik*, *supra*, shows that a plaintiff's recollection in a case like this one can be believed unless proven otherwise.  As this case progressed, and later when it became apparent that Plaintiff's

claims were not supported by evidence, undersigned counsel recommended dismissal and sought Defendant's agreement for the same.

Undersigned counsel understands that the evidence produced by Defendant caused the dismissal. That being said, Defendant has not, and cannot, produce evidence showing any impropriety by counsel or failure to abide by counsel's duties to his client or this Court.

Undersigned counsel fully respects the Court's inherent authority to refer appropriate matters to the Admissions Committee. However, Plaintiff respectfully submits that being wrong is not cause for sanction; that lawyers are wrong in "virtually every case." *See Graham*, 2013 WL 3212296, at *15. And if being wrong in a case is not by itself cause for sanction, it follows that it should not serve as a basis for referral to the Admissions Committee. Plaintiff therefore respectfully submits that the Court manifestly erred in referring this case to the Admissions Committee, as there are no grounds for such referral beyond Defendant's counsel's eleventh hour accusations of impropriety which are not based in fact or law.

## II.     Defendant's Counsel's Improper Use of Sanctions

Referral for disciplinary review is particularly inappropriate in this case because Defendant's counsel sought to use this case as a bargaining chip to force dismissal of the Hill Case. When undersigned counsel refused to be extorted into dismissing the Hill Case, Defendant's counsel threatened sanctions in both cases. *See* Exhibit B.

The Texas Rules of Disciplinary Conduct provide that "[a] lawyer should use the law's procedures only for legitimate purposes and not to harass or intimidate others." *See* Texas Rules of Disciplinary Conduct, Preamble, Section 4. The Court erred in referring this matter for licensing review because that decision was based on a motion by counsel whose practice is to misuse sanctions motions that are routinely denied. For instance, in *Carter v. CBE Grp., Inc.*,

2014 WL 502388, at *3-4 (S.D. Tex., Feb. 7, 2014) (Exhibit C), Lemberg Law represented Marc Carter, a Harris County District Judge, who alleged that CBE Group's calls to his home to collect a debt that *was not his* violated the FDCPA.  Defendant's counsel filed a baseless sanctions motion, which was denied.

Thereafter, the same defense counsel was sanctioned for a motion that was filed without following the procedures mandated by Rule 11. *See Johnson v. Gila, LLC*, 2014 WL 1390838, at *2 (N.D. Tex., Apr. 7, 2014) (Exhibit D).  In a scathing opinion, the Honorable Jorge A. Solice held:

> . . . the Court believes that is it appropriate to sanction Gila's attorneys under 28 U.S.C. § 1927 for filing and persisting with their motion. Section 1927 states, "[a]ny attorney ... who so multiplies the proceedings in a case unreasonably and vexatiously may be required by the Court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."Courts granting sanctions under § 1927 must give a "detailed finding that the proceedings were both 'unreasonable' and 'vexatious.' "*Browning v. Kramer,* 931 F.2d 340, 345 (5th Cir.1991). Re-iterating the information above, Gila's motion for sanctions was unreasonable because it failed to meet the clear requirements of Rule 11, particularly adherence to the 21–day safe harbor. Gila had the opportunity to retract the motion after Johnson pointed this deficiency out, but instead pressed forward by maintaining that sanctions were appropriate. The filing was vexatious because its only purpose was to discourage Johnson from litigating her case, using a tactic totally unrelated to the merits of her case. Because the filing is unreasonable and vexatious, the Court ORDERS A. Lee Rigby, Drew Austin Jones, and Robbie L. Malone of Smith Robertson Elliott & Douglas LLP to pay Johnson's costs and reasonable attorney's fees for responding to Gila's Rule 11 motion. Johnson's counsel is directed to file evidence of costs and reasonable attorney's fees within 21 days of the date of this order.

*Id.*

On notice regarding Rule 11's requirements and yet undeterred by this prior sanction, defense counsel in this case again sought Rule 11 sanctions *without first following the rule's requirements*.  Such conduct should not serve as a basis for undersigned counsel's license to be reviewed.  As the Court noted in the dismissal order, Defendant did not file a motion for Rule 11

sanctions at any time prior to the date Plaintiff filed his motion to dismiss, nor did Defendant serve a copy of any such motion on Plaintiff's counsel during the pendency of this action.

The Court's decision has apparently already been circulated to the defense bar and was brought to one district court's attention regarding a *pro hac vice* motion only one week after it was issued. *See Kliegl v. Stellar Recovery, Inc.*, No.: 14-cv-02409 (Exhibit E). There is simply no way to know how this decision will affect counsel's ability to practice law and represent clients in the other jurisdictions where he is admitted, and the undersigned respectfully submits that he should not be punished for refusing to be extorted into dismissing another case.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court reconsider the decision to refer this case to the Admissions Committee of the Western District of Texas for review and appropriate action, if any, regarding Mr. Lemberg's license to practice in the Western District of Texas.

Dated: August 6, 2014

Respectfully submitted,

  /s/ Sergei Lemberg
Sergei Lemberg, Esq.
Lemberg Law LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Fax: (203) 653-3424
slemberg@lemberglaw.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

  THIS IS TO CERTIFY that on August 6, 2014, a true and correct copy of the foregoing was filed with the Clerk of Court for the United States District Court for the Western District of Texas using the CM/ECF system, which sent notice of such filing to:

Robbie Malone, Esq.
Xerxes Martin, Esq.
Robbie Malone, PLLC
8750 N. Central Expressway
Northpark Central, Suite 1850
Dallas, TX 75231

                /s/ Sergei Lemberg
                Sergei Lemberg, Esq.